JUSTICE RICE,
concurring.
¶48 I concur with the Court’s determination to affirm the decision of the Worker’s Compensation Court, but disagree with the Court’s reasoning for affirming Issue 1. The Court states that Colmore and Flynn were overruled by a statement in Davis that the Court was overruling “ ‘other cases’ to the extent they have held that the legislature limited a court’s subject matter jurisdiction.” Opinion, ¶ 23. Actually, the Court in Davis said it was overruling “other cases to the *88 extent they have held that the Legislature limited district courts’ subject matter jurisdiction by codifying a one-year time bar on post-conviction relief at § 46-21-102, MCA.” Davis, ¶ 23 (emphasis added). Nonetheless, I recognize that, regardless of its actual holding, Davis has become the source of the Court’s power to minimize the effect of statutory time bars, however broad and undefined that power may be. See BNSF Ry. Co. v. Cringle, 2010 MT 290, 359 Mont. 20, 247 P.3d 706 (Rice, J., dissenting.) Apparently, other cases, yet unidentified and decided under various statutory or constitutional provisions, have likewise been overruled by Davis.
¶49 Here, I agree with Weidow that the 60-day provision is ambiguous and that the ambiguity caused him to delay the filing of his petition. The ambiguity is not resolved by review of the provision’s legislative history. Therefore, I would conclude that the general statute of limitations for worker’s compensation claims, § 39-71-2905(2), MCA, should apply and that Weidow’s claim was timely filed thereunder.